United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATIONWIDE MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

DONALD V. RYAN, et al.,

Defendants.

Case No.: 3:12-cv-5000 JST (KAW)

ORDER REGARDING OCTOBER 11, 2013 JOINT DISCOVERY LETTER

On October 11, 2013, the parties in the above-captioned case filed a joint discovery letter. The matter was referred to the undersigned. The court held a hearing on the parties' joint discovery letter on November 7, 2013. Having considered the papers filed by the parties and the arguments of counsel, the court hereby orders the plaintiff to (1) designate the persons most knowledgeable to testify on the issues of underwriting and special investigations and produce those individuals for deposition, (2) produce Lee Trapani for deposition, and (3) produce a copy of its underwriting and special investigations manuals, upon the filing of an appropriate stipulated protective order.

## I. BACKGROUND

Nationwide Mutual Insurance Company ("Plaintiff" or "Nationwide") issued an insurance policy (the "Policy") to Donald Y. Ryan ("Defendant" or "Ryan") for a commercial property located in North Highlands, California (the "Property"). (1st Amended Compl. ¶ 6, Dkt. No. 5.) The Policy had an effective date of April 24, 2011. *(Id.)*

In June 2011, Ryan filed a claim for vandalism-related damage to the Property[1] (the "Loss"). (*Id.* ¶ 9.) Nationwide initially determined that the Loss was covered under the Policy. (*Id.* ¶ 10.) After multiple inspections of the Property, Nationwide estimated the cost of repair at $127,881 and the actual cash value of the Loss at $100,277.52. (*Id.* ¶¶ 10, 11.) In August 2011, Nationwide issued Ryan a check for $99,277.52, the actual cash value of the Loss less the applicable $1,000 deductible. (*Id.* ¶ 11.)

Ryan disputed Nationwide's estimate and the amount of payment. (*Id.* ¶ 12.) In September 2011, he submitted a "Sworn Statement in Proof of Loss" and estimated the cost of repair at $559,641.19. *(Id.)* Ryan also requested an appraisal, to which Nationwide agreed. (*Id.* ¶¶ 12, 13.) Each party selected a disinterested appraiser, who in turn, selected a neutral umpire. (*Id.* ¶ 11.) The neutral umpire ordered Ryan to provide Nationwide with a line-item repair estimate. (*Id.* ¶ 15.) Ryan provided the estimate, claiming a total repair cost in excess of $514,000. *(Id.)*

Nationwide reviewed the estimate and determined that the estimate included "many items (1) that were not damaged in the Loss, (2) for which the claimed scope of repair far exceeded the actual damage caused by the Loss, (3) for which the quality of the claimed replacement far exceeded the property that was being replaced, and (4) for [*sic*] were claimed multiple times in the same estimate." (*Id.* ¶ 16.) On these grounds, Nationwide concluded that Ryan was deliberately misrepresenting material facts with the intent to deceive Nationwide, the appraisers, and the neutral umpire. *(Id.)* Nationwide communicated its position to the neutral umpire, and the appraisal proceedings originally scheduled for March 28, 2012 did not go forward. (*Id.* ¶¶ 16, 17.)

By letter dated March 26, 2012, Nationwide informed Ryan that it was (1) denying all further claims for policy benefits and (2) voiding the policy. *(Id.)* Ryan then petitioned the Sacramento County Superior Court to compel Nationwide to participate in an appraisal proceeding. (*Id.* ¶ 19.) On May 3, 2012, the state court ordered the parties to conduct the

---

[1] During the November 7, 2013 hearing, the parties explained that the damage resulted from a rave hosted by a tenant who operated a health club on the Property.

appraisal. *(Id.)* An appraisal hearing was scheduled for June 26, 2012. (*Id.* ¶ 20.) The hearing proceeded as scheduled, with a resulting appraisal of $524,253.86 for the cost of repairs and $481,583.06 for the actual cash value of the Loss. (Joint Ltr. at 2, 3, Dkt. No. 45.) The state court confirmed the appraisal and entered judgment based on those amounts. (*Id.* at 2.)

On June 20, 2012, Nationwide commenced the instant action for declaratory relief. (*Id.* at 8.) Nationwide seeks a declaration that (a) it was entitled to void the Policy as a result of Ryan's intentional misrepresentation of material facts; (b) because the Policy is void, there is no longer a basis for an appraisal as provided for in that Policy; and (c) that the previous order compelling the parties to conduct an appraisal is moot. On November 27, 2012, Ryan filed an answer to the complaint and asserted counterclaims for breach of contract and breach of the covenant of good faith and fair dealing. (Answer, Dkt. No. 18; Countercl. at 2, 6, Dkt. No. 19.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The information sought "need not be admissible at the trial" so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b). "The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." *Id.* Where a notice is directed at an entity, the entity is the deponent and is obligated to produce the person most qualified or most knowledgeable to testify on its behalf. *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 798 n.4 (9th Cir. 2003) (internal quotations and citation omitted). The notice must "describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(1)-(2).

Federal Rule of Civil Procedure 34 provides:

> A party may serve on any other party a request within the scope of Rule 26(b):

> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .

The request "must [also] describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A).

## III. DISCUSSION

### A. Nationwide shall designate the persons most knowledgeable to testify on the issues of underwriting and special investigations and produce those individuals for deposition.

On June 24, 2013, Ryan served Nationwide with a deposition notice, requesting that the company designate and produce the persons most knowledgeable to testify on the issues of claims adjusting, underwriting, and investigations. (Joint Ltr. at 4; PMK Deposition Notice, Dkt. No. 49.) While Nationwide has produced the person most knowledgeable to testify on the issue of claims adjusting, the company has not produced persons most knowledgeable to testify on other issues. *(Id.)* Nationwide asserts that the deposition notices are "extraordinarily broad," that the topics listed in the notices are "non-discoverable," and that the requests for deposition are "burdensome and harassing." (*Id.* at 7, 8.)

The court overrules Nationwide's objections to Ryan's request for persons most knowledgeable to testify on the issues of underwriting and special investigations. At a minimum, the issue of special investigations relates to Ryan's counterclaims for breach of contract and breach of the covenant of good faith and fair dealing. Given that Nationwide paid a portion of Ryan's claim before denying the balance of the claim and voiding the policy, any role the special investigations unit may have played in this process would help determine whether Ryan's claim was properly handled according to established protocols for special investigations, and consequently, whether Nationwide denied the balance of the claim in a manner consistent with those protocols.

On the issue of underwriting, Nationwide asserts that this is not an underwriting case. It contends that the central issue in this case is whether claimed losses were overstated. However, in his claim for breach of the duty of good faith and fair dealing, Ryan alleges that Nationwide "[f]ail[ed] to property underwrite the policy of insurance . . . ." (Countercl. ¶ 28.1.) Thus, irrespective of whether Nationwide classifies its action as concerning only misrepresentations made by Ryan post-incident, Ryan's counterclaims put underwriting at issue, and information on the topic is relevant.

On these grounds, the court overrules Nationwide's objections to Ryan's request for persons most knowledgeable to testify on the issues of underwriting and special investigations. The court finds that the request seeks information that is relevant, does not constitute an undue burden, is not intended to harass Nationwide, and is not overbroad. Nationwide shall therefore designate those individuals and produce them for deposition.

**B. Nationwide shall produce Trapani for deposition.**

On September 17, 2013, Ryan served Nationwide with another deposition notice, this time, requesting that the company produce Trapani for deposition. (Joint Ltr. at 4; Trapani Dep. Notice, Dkt. No. 49.) Trapani is a Senior Loss Control Specialist at Nationwide. *(Id.)* He inspected the Property approximately three months prior to the Loss and conducted the inspection Nationwide used to underwrite the Policy. *(Id.)* Nationwide has not produced Trapani for deposition, asserting that his testimony is not relevant to any claim or defense in this action and that the objective behind the request "is to waste time and resources." (*Id.* at 4, 7.)

The court overrules Nationwide's objections to Ryan's request that the company produce Trapani for deposition. Trapani inspected the Property approximately three months prior to the Loss. During oral argument, Ryan indicated that during the inspection of the Property, Trapani identified two minor repairs in need of attention. Ryan also asserted that during deposition, the claims adjuster made allegations that certain property damage preexisted the date of Loss. In light of those allegations and given the short span of time between Trapani's inspection and the date of loss, the original condition of the premises is at issue insofar as it provides a useful starting point for the relevant inquiry—whether Ryan's representation as to the state of the

United States District Court
Northern District of California

Property after the Loss was accurate or, as Nationwide contends, misleading. This information is therefore relevant to whether the representations contained within Ryan's claim were in fact material misrepresentations, entitling Nationwide to void the policy.

For these reasons, Nationwide shall produce Trapani for deposition.

### C. Nationwide shall produce a copy of its underwriting and special investigations manuals.

Ryan included requests for documents with the deposition notice for persons most knowledgeable, seeking copies of Nationwide's claims adjusting manual, underwriting manual, investigations manual, and advertising materials.[2] Nationwide objects to these requests, arguing that the materials sought are not relevant.

During oral argument, Ryan argued that the requested advertising materials were relevant in that they reveal how Nationwide purports to treat its clients. Relying on this alone, Ryan has not sufficiently articulated a theory of relevance as to the requested advertising materials. Nationwide's objection to Ryan's request for those materials is therefore sustained. The court overrules Nationwide's relevancy objection to Ryan's request for a copy of the company's underwriting and special investigations manuals for the same reasons discussed *supra* Part III.A. Any concerns by Nationwide regarding the confidentiality of such manuals can be resolved by a stipulated protective order.

## IV. CONCLUSION

For the reasons set forth above, Nationwide shall designate the persons most knowledgeable on the issues of underwriting and special investigations and produce those individuals for deposition. Nationwide shall also produce Trapani for deposition. Furthermore, Nationwide shall produce a copy of its underwriting and special investigations manuals, upon the filing of a stipulated protective order. A copy of this district's model stipulated protective order is available at http://www.cand.uscourts.gov/stipprotectorder.

---

[2] Nationwide has agreed to produce a copy of its claims manual subject to a stipulated protective order. Joint Ltr. at 4.

Nationwide shall comply with this order no later than December 3, 2013. The court notes that the discovery cut-off date has passed. Any request by the parties for an extension of time to complete additional discovery not previously requested and addressed in this order should be directed to the district judge.

IT IS SO ORDERED.

Dated: November 12, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California